UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA M LAMBRIX, et al., <br>     Plaintiffs, <br> v. <br> TESLA, INC., <br>     Defendant. | Case No. 23-cv-01145-TLT <br><br> **ORDER CONSOLIDATING ACTIONS** |
| ROBERT ORENDAIN, <br>     Plaintiff, <br> v. <br> TESLA, INC., <br>     Defendant. | Case No. 23-cv-01157-TLT |
| SEAN BOSE, <br>     Plaintiff, <br> v. <br> TESLA, INC., <br>     Defendant. | Case No. 23-cv-01496-TLT |
| PATRICK DOYLE, <br>     Plaintiff, <br> v. <br> TESLA, INC., <br>     Defendant. | Case No. 23-cv-01543-TLT |

|  |  |
|---|---|
| PHILOMENA FOCHWANG NANA-ANYANGWE,<br><br>          Plaintiff,<br><br>     v.<br><br>TESLA, INC.,<br><br>          Defendant. | Case No. 23-cv-02035-TLT |
| ANDREW RAGONE,<br><br>          Plaintiff,<br><br>     v.<br><br>TESLA, INC.,<br><br>          Defendant. | Case No. 23-cv-02352-TLT |

The Court has issued orders relating the six above-captioned cases (collectively, the "Related Actions"). *See* ECF Nos. 21, 35, 41, and 45. On June 9, 2023, the Court issued an order to show cause why the Related Actions should not be consolidated. ECF No. 54. The Court further directed the parties to file either a joint stipulation regarding consolidation or a response to the order to show cause, not to exceed five pages, by June 23, 2023, explaining why the cases should not be consolidated. *Id.*

On June 15, 2023, the Court held an initial case management conference in the Related Actions. *See* ECF No. 56. At the initial case management conference, all the parties stated that they either agreed to consolidate the Related Actions or that they did not oppose consolidation. As such, the Court ordered that Plaintiffs file a "Consolidated Amended Complaint…within 30 days from" the initial case management conference. *Id.*; *see also* ECF No. 59 ("Consolidated Amended Complaint due by 7/17/2023.").

A court has inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("District courts have the inherent power to control their dockets…."). Federal Rule of Civil Procedure

2

1   42(a) provides: "If actions before the court involve a common question of law or fact, the court

2   may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the

3   actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).

4         District courts have "broad discretion under [Rule 42(a)] to consolidate cases pending in

5   the same district."  *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th

6   Cir. 1989).  In deciding whether to consolidate, a court should balance the interest of judicial

7   convenience against "any inconvenience, delay, or expense that it would cause."  *Huene v. United

8   States*, 743 F.2d 703, 704 (9th Cir. 1984).

9         As the Court previously discussed in its order to show cause, Plaintiffs in the Related

10  Actions bring claims against Defendant Tesla, Inc., under the Sherman Act, 15 U.S.C. § 2 for

11  alleged (1) Monopolization of the Tesla Repair Services Market, (2) Attempted Monopolization of

12  the Tesla Repair Services Market, and (3) Attempted Monopolization of the Tesla-Compatible

13  Parts Market.  In addition, Plaintiffs in the *Orendain*, *Doyle*, *Nana-Anyangwe*, and *Ragone* actions

14  bring an additional claim under the Sherman Act, 15 U.S.C. § 2 for alleged Attempted

15  Monopolization of the Tesla-Compatible Parts Market.  Finally, Plaintiffs in every case except

16  *Doyle* also bring claims under the Sherman Act, 15 U.S.C. § 1 for alleged Unlawful Tying and the

17  Magnuson-Moss Warranty Act, 15 U.S.C. § 2302 for alleged Prohibited Warranty Tying.  Thus,

18  the Court finds that there are common questions of law or fact with respect to the Related Actions.

19        Because all parties either agree to consolidate the Related Actions or do not oppose

20  consolidation, and given the common questions of law or fact with respect to the Related Actions,

21  the Court hereby **ORDERS** consolidation of the following five actions pursuant to Fed. R. Civ. P.

22  42(a): *Lambrix v. Tesla, Inc.*, Case No. 3:23-cv-01145-TLT; *Bose v. Tesla, Inc.*, Case No. 3:23-cv-

23  01496-TLT; *Doyle v. Tesla, Inc*, Case No. 3:23-cv-01543-TLT; *Nana-Anyangwe v. Tesla, Inc.*,

24  Case No. 3:23-cv-02035-TLT; and *Ragone v. Tesla, Inc.,* Case No. 3:23-cv-02352-TLT.

25  Accordingly, all further filings shall be filed in the lead case *Lambrix v. Tesla, Inc.*, Case No.

26  3:23-cv-01145-TLT.  *See* Civ. L.R. 3-4(b) ("When filing papers in cases consolidated pursuant to

27  Fed. R. Civ. P. 42, the caption of each paper must denote the lead case number above all

28  consolidated case numbers. Duplicate originals, however, are not required for associated cases.");

*see also Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018) (holding that consolidation does not "completely merg[e] the constituent cases into one," but instead "enables more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them").

Finally, one key difference between the Related Actions is that there was a pending motion to compel arbitration in *Orendain v. Tesla, Inc.,* Case No. 3:23-cv-01157-TLT. Moreover, the plaintiff in that case has voluntarily dismissed his individual claims, pursuant to Federal Rules of Civil Procedure Rule 41(a)(1)(A)(i). Accordingly, the Court does not consolidate that action.

**IT IS SO ORDERED.**

Dated: June 23, 2023

TRINA L. THOMPSON
United States District Judge